Zottoli, J.
The point in issue in the present motion is whether the payment of the estimated cost of printing the record for purposes of appeal to the Supreme Judicial Court was in compliance with the requirements of Gen. Laws, Ch. 231, sec. 135. The decision turns on the meaning to be given to that part of said statute which provides that, —“Such party, within twenty days after the date of such notice from the Clerk or other official, shall pay to him the amount of such estimate.” The facts shown by the docket are that on April 10,1940, the clerk issued a notice in writing to the defendant stating the amount of the estimated cost of the printing required for the appeal. It appears that the said notice was received and stamped by the *333 United States Post Office authorities at 5:30 P. M., on said April 10th. The evidence shows that it did not reach the defendant or her attorney until the morning of April 11th, 1940. It further appears that the amount of the estimate was,paid into court on May 1st, 1940. The plaintiff contends that “the deposit by the defendant on May 1, 1940, was twenty-one days from the date on the Clerk’s notice” . . . and, therefore, the defendant’s appeal has not been properly perfected and should, therefore, be dismissed. It is obvious that if the date printed on the notice governs, his contention is sound. On the other hand it is also clear that if the date of its receipt controls then the payment was duly made and the motion is not tenable. The plaintiff’s contention is not novel. It was left undecided in the case of Neilson v. Malcolm Kenneth Co., Mass. A. S. (1939) 1113, and cases there cited. Our Appellate Division, in the case of Fifty Associates v. Berger Dry Goods Co., Inc., No. 189039 (of 1929) Municipal Court of the City of Boston, (30 A. D. 323) in passing on a situation similar to that which is here presented, decided that “date” used in the statute as originally passed meant only “time”, and that the term “such notice”, meant “notice given and received”. It is unnecessary to again state the reasons there given which led to that conclusion. Suffice to say that we concur in the view there taken.
Motion denied.